```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                             Case No. 18-04767-JJT
James Eugene Pisa                                                  Chapter 13
Elizabeth Janet Pisa
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-5          User: KADavis                Page 1 of 2          Date Rcvd: Dec 19, 2018
                              Form ID: pdf002              Total Noticed: 41


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2018.
db/jdb         +James Eugene Pisa,    Elizabeth Janet Pisa,    200 Carter St.,    Old Forge, PA 18518-2123
aty            +Community Bank, N.A. c/o James T. Shoemaker, Esqui,     600 Third Avenue,
                 Kingston, PA 18704-5815
cr             +Americredit Financial Services, Inc. Dba GM Financ,    P.O Box 183853,
                 Arlington, TX 76096-3853
5137644       ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,    ARLINGTON TX 76096-3853
                (address filed with court: Americredit Financial Services, Inc.,    Dba GM Financial,
                  P.O Box 183853,    Arlington, TX 76096)
5129566        +Affirm, Inc.,    650 California St., Fl 12,    San Francisco, CA 94108-2716
5129572        +Community Bank, N.A.,    45-49 Court Street,    P.O. Box 509,    Canton, NY 13617-0509
5129574         Dell Financial Services,    12334 North IH 35,    Austin, TX  78753
5129575        +Domiano Eye Care,   189 N. Main St.,    Old Forge, PA 18518-1755
5129577         GM Financial,    P.O. Box 181145,   Arlington, TX 76096-1145
5129578        +HSBC Card Services,    P.O. Box 80084,    Salinas, CA 93912-0084
5129584        +Lackawanna County Tax Claim Bureau,    135 Jefferson Ave.,    Scranton, PA 18503-1716
5129585        +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
5129586        +Macy's,    Attn: Bankruptcy Processing,    PO Box 8053,    Mason, OH 45040-8053
5129587        +McCabe, Weisberg and Conway, P.C.,    123 South Broad Street, Suite 1400,
                 Philadlephia, PA 19109-1060
5129597        +Target National Bank,    c/o Target Credit Services,    P.O. Box 1581,
                 Minneapolis, MN 55440-1581

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5129565        +E-mail/Text: seinhorn@ars-llc.biz Dec 19 2018 19:12:16     Ability Recovery Svcs. LLC,
                 P.O. Box 4031,    Wyoming, PA 18644-0031
5129567        +E-mail/Text: khaffn@allied-services.org Dec 19 2018 19:12:02     Allied Services,
                 Attn: Kelly Haffner, Collection Coordina,    100 Abington Executive Park,
                 Clarks Summit, PA 18411-2260
5129568        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 19 2018 19:22:18     Capital One,
                 PO Box 30285,    Salt Lake City, UT 84130-0285
5129569        +E-mail/Text: bankruptcy@cavps.com Dec 19 2018 19:12:08     Cavalry Portfolio Services,
                 500 Summit Lake Dr. Ste 4A,    Valhalla, NY 10595-2323
5130064        +E-mail/Text: bankruptcy@cavps.com Dec 19 2018 19:12:09     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5129570         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 19 2018 19:11:54     Comenity Bank/Boscov's,
                 Bankruptcy Department,    P.O. Box 183043,    Columbus, OH 43218-3043
5129571         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 19 2018 19:11:54
                 Comenity Bank/Gander Mountain,    Bankruptcy Department,    P.O. Box 182125,
                 Columbus, OH 43218-2125
5129573        +E-mail/PDF: creditonebknotifications@resurgent.com Dec 19 2018 19:21:31     CreditOne,
                 P.O. Box 98873,    Las Vegas, NV 89193-8873
5129579         E-mail/Text: cio.bncmail@irs.gov Dec 19 2018 19:11:48     Internal Revenue Service,
                 Special Procedures Branch,    PO Box 7346,    Philadelphia, PA  19101-7346
5129582         E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 19 2018 19:12:07     Jefferson Capital Systems, LLC,
                 16 McLeland Road,    Saint Cloud, MN 56303-2198
5129581         E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 19 2018 19:12:07     Jefferson Capital Systems, LLC,
                 P.O. Box 7999,    St. Cloud, MN 56302
5129583         E-mail/Text: bnckohlsnotices@becket-lee.com Dec 19 2018 19:11:46     Kohl's,    P.O. Box 3004,
                 Milwaukee, WI 53201-3004
5131900         E-mail/Text: bkr@cardworks.com Dec 19 2018 19:11:42     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5129588        +E-mail/Text: bkr@cardworks.com Dec 19 2018 19:11:42     Merrick Bank,    P.O. Box 9201,
                 Old Bethpage, NY 11804-9001
5140485        +E-mail/Text: bankruptcydpt@mcmcg.com Dec 19 2018 19:12:01     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
5129589        +E-mail/Text: bankruptcydpt@mcmcg.com Dec 19 2018 19:12:01     Midland Funding, LLC,
                 2365 Northside Drive, Ste. 300,    San Diego, CA 92108-2709
5129590       ++E-mail/Text: Bankruptcies@nragroup.com Dec 19 2018 19:12:20     National Recovery Agency,
                 2491 Paxton Street,    Harrisburg, PA 17111-1036
5138137         E-mail/PDF: cbp@onemainfinancial.com Dec 19 2018 19:22:17     ONEMAIN,    P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
5129591        +E-mail/PDF: cbp@onemainfinancial.com Dec 19 2018 19:21:51
                 OneMain Financial Bankruptcy Dept.,    P.O. Box 6042,    Sioux Falls, SD 57117-6042
5129592         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2018 19:21:55
                 Portfolio Recovery Associates LLC,    120 Corporate Blvd,    Norfolk, VA 23502
5129627        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2018 19:21:55
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5129593        +E-mail/Text: jennifer.chacon@spservicing.com Dec 19 2018 19:12:20
                 Select Portfolio Servicing, Inc.,    Attn: Bankruptcy,    P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
5129594         E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:21:51     Synchrony Bank/Amazon,
                 Attn: Bankruptcy Dept.,    P.O. Box 965060,    Orlando, FL 32896-5060
```

```
District/off: 0314-5            User: KADavis              Page 2 of 2               Date Rcvd: Dec 19, 2018
                                Form ID: pdf002            Total Noticed: 41
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
5129595         E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:21:27      Synchrony Bank/CareCredit,
                 Attn: Bankruptcy Dept.,    P.O. Box 965061,    Orlando, FL 32896-5060
5129596         E-mail/PDF: gecsedi@recoverycorp.com Dec 19 2018 19:22:16      Synchrony Bank/Walmart,
                 Attn: Bankruptcy Dept.,    P.O. Box 965060,    Orlando, FL 32896-5060
5129598        +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 19 2018 19:11:43
                 Verizon Bankruptcy Dept.,   500 Technology Drive,   Suite 550,   Weldon Spring, MO 63304-2225
                                                                                               TOTAL: 26

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5135936          Community Bank, NA, c/o James T. Shoemaker, Esquir
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5129576*        +Elizabeth Janet Pisa,    200 Carter St.,    Old Forge, PA 18518-2123
5129580*        +James Eugene Pisa,    200 Carter St.,    Old Forge, PA 18518-2123
                                                                              TOTALS: 1, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor    ABS REO Trust V bkgroup@kmllawgroup.com
              James T. Shoemaker    on behalf of Attorney    Community Bank, N.A. c/o James T. Shoemaker, Esquire
               jshoemaker@hkqpc.com
              Tullio  DeLuca    on behalf of Debtor 1 James Eugene Pisa tullio.deluca@verizon.net
              Tullio  DeLuca    on behalf of Debtor 2 Elizabeth Janet Pisa tullio.deluca@verizon.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 6
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | CHAPTER 13 |
|---|---|
| IN RE: | |
| JAMES EUGENE PISA | |
| a/k/a James E. Pisa | |
| a/k/a James Pisa | |
| | |
| ELIZABETH JANET PISA | |
| a/k/a Elizabeth J. Pisa | |
| a/k/a Elizabeth Pisa | |
| Debtor(s) | CASE NO. **5-18-** |
| | X ORIGINAL PLAN |
| | ___ 1st AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc) |
| | ___ Number of Motions to Avoid Liens |
| | ___ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

|   |   |   |   |
|---|---|---|---|
|   |   |   |   |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $27,120.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 12/2018 | 11/2022 | $565.00 | $0.00 | $565.00 | $27,120.00 |
|   |   |   |   |   |   |
|   |   |   |   | Total Payments: | $27,120.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  ( x) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    ( ) Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to

comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $1,694.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_X_ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ . All sales shall be completed by _____ . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ .

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

_X_ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

**B.   Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.  Check One.**

____   None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

__X__   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Select Portfolio Services** | **200 Carter St., Old Forge, PA 18518** | |
| **GM Financial** | **2018 Kia Rio** | **1110** |

**C.   Arrears (Including, but not limited to, claims secured by Debtor's principal residence).  Check one.**

____   None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

__X__   The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Select Portfolio Services** | 200 Carter St., Old Forge, PA 18518 | $6,500.00 | None | $6,500.00 |

     **D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

     ___      None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

     _X_      The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **Lackawanna County Tax Claim Bur.** | 200 Carter St., Old Forge, PA 18518 | $6,000.00 | None | $6,000.00 |

**E. Secured claims for which §506 valuation is applicable.** Check one.

____   None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

__X__ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Community Bank, N.A. | 200 Carter St., Old Forge, PA 18518 | $3,191.00 | 6% $304.00 | $3,495.00 | Plan |

**F. Surrender of Collateral.** Check one.

__X__   None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

____   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|

|  |  |
|--|--|
|  |  |
|  |  |

  **G.** **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

    X  None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

   ____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | |
|--|--|--|
| The name of the holder of lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property | | |
| The sum of senior liens | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien voided. | | |

**3.** **PRIORITY CLAIMS.**

  **A.** **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees.</u> Complete only one of the following options:

    a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

Case 5:18-bk-04767-JJT    Doc 30    Filed 12/21/18    Entered 12/22/18 00:45:22    Desc
Imaged Certificate of Notice    Page 9 of 14

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

  __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  ____ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

  ____ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

  __X__ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| **Internal Revenue Service** | **$5,000.00** |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

  __X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

Check the applicable line:

       plan confirmation.
       entry of discharge.
  X   closing of case.

**7. DISCHARGE: (Check one)**

(X)    The debtor will seek a discharge pursuant to § 1328(a).
(  )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:    Adequate Protection Payments
Level 2:    Debtor's Attorney Fees
Level 3:    Domestic Support Obligations
Level 4:    Secured Claims, Pro Rata
Level 5:    Priority Claims, pro rata
Level 6:    Specially classified unsecured claims
Level 7:    Timely filed general unsecured claims
Level 8:    Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Priority claims, pro rata.
Level 5:  Secured claims, pro rata.
Level 6:  Specially classified unsecured claims.
Level 7:  Timely filed general unsecured claims.
Level 8:  Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| **Chapter 13 Trustee** | **$ 2,170.00(est.)** |
| **Tullio DeLuca, Esq.,** | **$ 3,000.00** |
| **Select Portfolio Services** | **$ 6,500.00 (arrears)** |
| **Community Bank, N.A.** | **$ 3,495.00 (allowed secured claim)** |
| **Lackawanna County TCB** | **$ 6,000.00 (allowed secured claim)** |
| **Internal Revenue Service** | **$ 5,000.00 (priority claim)** |
| **Unsecured Creditors - prorata basis** | **$    955.00** |
| **Total:** | **$ 27,120.00** |

The Chapter 13 Trustee payment shall be made to the following address:

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

\*\*\* Debtor shall file a Motion to Avoid Non-Purchase Money Security Interest of One Main Financial as it impairs exemption on his 2011 Kia Sorrento.


Dated: November 29, 2018         /s/James Eugene Pisa
                                 Debtor

                                 /s/Elizabeth Janet Pisa
                                 Joint Debtor

/s/Tullio DeLuca
Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.